UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61302 HUCK / SIMONTON

KAREN D. GONZALEZ,

    Plaintiff,

v.

PEOPLE BEAUTIFUL CORPORATION,
a Florida Corporation d/b/a JOHN CASABLANCAS
MODELING AND CAREER CENTER ,
and ERICA OLIVEIRA,

    Defendants.
_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

Plaintiff, KAREN D. GONZALEZ, pursuant to the Federal Rules of Civil Procedure 8 and 12 and Local Rules for the Southern District of Florida, files the instant Reply Memorandum in Support of Plaintiffs Motion to Strike Certain Affirmative Defenses, and states:

In Defendants' Response to Plaintiff's Motion to Strike Certain Affirmative Defenses, ("Defendants' Response"), Defendants urge the Court not to strike their Sixth Affirmative Defense, which asserts the Plaintiff was required to provide the Defendants notice prior to filing her claim pursuant to Fla. Const, Art. 10, §24. None of the Defendants' arguments, however, can breathe life into the Florida Legislature's patently unconstitutional attempt to enact a statute, Fla. Stat. 448.110, which abridges an aggrieved party's constitutional right to bring a court action.

For example, the Defendants first attempt to distinguish this case from the Throw case, which held unconstitutional Fla. Stat. §448.110. They do so by highlighting that it is a "slip

opinion." and by noting that it is "non-binding." (Defendants' Response at p. 4-5 (citing <u>Throw v. Republic Enterprises Systems, Inc.</u>, 2006 WL 1823783, *2 (M.D. Fla. June 30, 2006)). Although <u>Throw</u>, it not "binding" on this Court, it is factually similar and well reasoned. It involves the same legal issue implicated here: whether an aggrieved employee can file a claim in court for unpaid wages under Fla. Const., Art. X, §24 without first providing the fifteen days notice required by Fla. Stat. §448.110(6)(a). Thus, while not "binding," <u>Throw</u> provides very *persuasive* authority for determining, as the <u>Throw</u> court did, that Fla. Stat. §448.110 is unconstitutional. Moreover, the fact that <u>Throw</u> has not *yet* been published in a reporter, but is in "slip opinion" does nothing to detract from its persuasiveness.

Second, the Defendants unavailingly attempt to distinguish this case from <u>Throw</u> by pointing to the different procedural postures; namely, that the <u>Throw</u> court determined the notice requirement was unconstitutional at the motion to dismiss stage while this Court is asked to do the same on a motion to strike. Defendants, however, agree that a defense should be stricken if it is "patently frivolous" or "clearly invalid as a matter of law." (Defendants' Response at p.2 (citing <u>Microsoft Corporation v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). Here, the subject statutory provision is invalid as a matter of law because it "add[s] a requirement that must be fulfilled before an aggrieved party may exercise a right previously granted by the Constitution." <u>Throw</u>, 2006 WL 1823783, *2.

In addition, the standard for granting a motion to dismiss, which applied in <u>Throw</u>, is not so dissimilar to that for granting a motion to strike, which applies her. Specifically, on a motion to dismiss, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Sea Vessel, Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th

Cir. 1994). Thus, here, the differing procedural postures of this case and the Throw case is a distinction without a meaningful difference.

Third, the Defendants argue that Throw should not be followed because it "misconstrues the plain language" of the Art. X, §24 by "suggest[ing] that implementing legislation should be prohibited altogether . . ." (Defendants' Response at p. 6). The Throw court, however, never made such a sweeping pronouncement. To the contrary, the Throw court examined only whether one provision of the subject statute was constitutional; namely, the written notice requirement of Fla. Stat. 448.110(6)(a). Thus, Throw in no way determined that implementing legislation was prohibited *altogether*. Since Throw does not prohibit implementing legislation altogether, it is *not inconsistent* with Art. X, §24(f)'s provision that permits the Legislature to adopt "measures ***appropriate*** for the implementation of this amendment." Fla. Const., Art. X, §24 (emphasis added). In fact, it is the Defendants' argument in support of Fla. Stat. §448.110's notice requirement, not the Plaintiff's argument for its unconstitutionality, that is *inconsistent* with Art. X, §24.

As additional evidence that Fla. Stat. 448.110(6)(a)'s notice requirement is unconstitutional, Art. X, §24(f) provides in part that "[i]t is intended that case law, administrative interpretations, and other guiding standards developed under the FLSA shall guide the construction of this amendment and any implementing statutes or regulations." There is no notice requirement in the FLSA. Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1319 (S.D. Fla. 2005). Thus, for this additional reason, the Legislature's attempt to make it more difficult for an employee to obtain his lawfully due wages by requiring pre-suit notice must be held unconstitutional.

Finally, in support of their argument, the Defendants grasp at an Attorney General Opinion ("Opinion") discussing Art. X, §24. (Defendants' Response at p. 7 (citing Op. Att'y Gen. Fla. 2005-64 (2005)). The November 25, 2005 Opinion, however, does not even address the appropriateness of Fla. Stat. §448.10. Rather, the Opinion addresses whether Article X, §24 incorporates the provisions of the federal Fair Labor Standards Act's exceptions and exemptions; specifically, the exemption found at FLSA, 29 U.S.C. §214. Most significantly, since §448.110 was not enacted until December 12, 2005, the November 25, 2005 Opinion *cannot* be read to approve of a statute *not yet in existence*. See Fla. SB18-B (enacting Fla. Stat. §448.110). Furthermore, it is the Court's role to interpret the law, not an arm of the *executive* branch who played no role in helping to enact the subject constitutional amendment during the November 2004 election.

Based on the foregoing, this Court should follow the persuasive reasoning in Throw, and hold unconstitutional the provision of Fla. Stat. 448.110(6)(a) that requires an aggrieved party to notify his employer prior to filing suit in court.

With respect to Defendants' Ninth and Tenth Affirmative Defenses, the Plaintiff relies on the arguments set forth in her Motion.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order striking Defendants' Sixth, Ninth, and Tenth affirmative defenses, and grant the Plaintiff such further relief as the Court deems appropriate.

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 27, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

               Respectfully submitted,

               _/s Samara Robbins Bober__
               SAMARA ROBBINS BOBER
               Fla. Bar No. 0156248
               Samara@boberlaw.com
               PETER J. BOBER
               Fla. Bar. No. 0122955
               Peter@boberlaw.com
               BOBER & BOBER, P.A.
               1930 Tyler Street
               Hollywood, FL 33020
               Tel:  (954) 922-2298
               Fax: (954) 922-5455
               Counsel for Plaintiffs

## SERVICE LIST

### CASE NO. 06-61302 HUCK / SIMONTON

SHAWN BIRKEN, ESQ.
sbirken@rra-law.com
MATHEW S. SACKEL, ESQ.
Rothstein, Rosenfeldt & Adler
Las Olas City Centre
401 East Las Olas
Suite 1650
Fort Lauderdale, FL 33301
Counsel for Defendants

SAMARA ROBBINS BOBER
Fla. Bar No. 0156248
Samara@boberlaw.com
PETER J. BOBER
Fla. Bar. No. 0122955
Peter@boberlaw.com
BOBER & BOBER, P.A.
1930 Tyler Street
Hollywood, FL 33020
Tel:  (954) 922-2298
Fax: (954) 922-5455
Counsel for Plaintiffs